Who you've been with us all week. I've been with you all week. With me all week. May it please the court, Anastasi Marko on behalf of Andrew Miller and I have reserved three minutes for rebuttal. I want to state some preliminary propositions that I believe are fundamental to this case that I think warrant serious consideration or deciding the issues before the court. We all recognize that because I'm here on a habeas proceeding, I have to show that there's an unambiguous controlling legal standard and that if it's some sort of a general standard, I have to show that it was applied unreasonably for this court to consider reversing the decision of the district court. Let's talk about some of the unambiguous controlling legal standards that are present here. First, the confrontation right is a trial right. Not a preliminary examination right. It's a trial right. We have lots of cases on that. Penn v. Ritchie, 480 U.S., the California v. Green, 399 U.S. It's not ambiguous in any way. It's a trial right. Second, under Crawford, confrontation is a procedural right. 451 U.S. at 61. It commands, confrontation commands, it's not ambiguous in any way, testing in the crucible of cross-examination. So those two standards right there. It's a trial right subject to cross-examination. That's what the confrontation clause demands. Demands that reliability be assessed by cross-examination and confrontation in front of a jury. It's also not in dispute here that Mr. Miller was not able to confront under controlling legal standard, Ms. McConnell, through cross-examination at trial. Jury simply had no opportunity to assess her demeanor or otherwise her credibility at trial. I acknowledge it's again not in dispute and it's not ambiguous that there is an exception to this trial right. It's a trial right to confront in trial. But there's an exception. The rule, the presumption is confrontation, cross-examination at trial. Not the other way around. The presumption's in the defense's favor here or the plaintiff's favor. The limited exception is that prior testimony can be admitted if the witness is unavailable and there's an adequate opportunity to cross-examine. So what case would you point us to that says the opportunity that was in fact available here to do the prior cross was inadequate? What Supreme Court case? So there are a variety of U.S. Supreme Court cases that talk about what adequate opportunity to cross-examine. What is the best one in your view for the specific point here that this cross during a preliminary exam was not adequate for Sixth Amendment purposes? I'll cite four cases, Your Honor. One case, Davis v. Alaska, happens to be a trial case but it talks about even in trial whether it's an adequate opportunity to cross-examine. And it says one of the things you're absolutely allowed to do is impeach and discredit a witness, Davis v. Alaska. It must include meaningful opportunity to question a witness's form of bias in any way. That's the Delaware v. Arsdale case. Again, those are... Those are about the scope of cross. Which is what we're talking about here. Because you couldn't cross about the recantation? Exactly. That's exactly what we're talking about. Then you'd never be able to bring in a prior statement that is a prior testimonial statement under Crawford, right? I mean, unless... I mean, if there were some fact that the defense thinks is relevant after the prior testimonial statement, the statement could never come in then, I guess. I don't believe that's the case. I think that's a black... I think that's a black line that doesn't need to be drawn in confrontation clause cases and applying these general rules. So, for instance, in the Williams case, the case that the people rely on extensively, in that case, he actually had the same opportunity to cross-examine. There was a slight, one small inconsistent statement that the defendant claimed. This is so radically different. I don't believe the court needs to draw a bright line saying no opportunities... I'm sorry, that a prior testimony is not allowed in. This is a bizarre fact pattern. And it's such an unusual fact pattern that the facts of this case show that I did not have... I did not have an opportunity to cross-examination on the recantation at all. You did not. Oh, go ahead. This is sort of a judgment call about whether the opportunity provided was adequate, correct? I would say that any decision, when you're talking about looking at a fact pattern, has to involve some judgment. But I think the judgment in this case is extreme. I mean, it's so extreme. Well, it's pretty hard, given that it's a judgment call. And given that the recantation was itself read, it's pretty hard under our deferential standard of review to grant relief. Well, I think that's wrong, Your Honor, because I think that recantation statement coming in is not what the Confrontation Clause demands. It demands in-court confrontation. The people are the proponents of this evidence here. The Supreme Court law is pretty clear on this. They have to show... It serves to mitigate any adverse effect of the preliminary examination testimony. And I think that's not a fair review of the case law. It's not about whether the prior testimony was impeached in any way. It's a procedural right. That's what Crawford says. It's about confrontation in court. And it's only if I had an adequate opportunity. Let's talk about other Supreme Court cases. I'm entitled to cross-examination at trial. This is unambiguous. The motivation of a witness. I never got a chance to cross-examine her about why she withdrew. Were you the trial counsel, just out of curiosity? I was a trial counsel. That's interesting. So you know the case, that's for sure. I know the case. I never had an opportunity to cross-examine her about why she withdrew from the plea agreement. I had no opportunity to cross-examine her about what she was facing because she withdrew from the plea agreement. What type of charges she was facing in telling this version of events, the recanted events. She was looking at life in prison at that point. Mandatory life in prison. Yet she still was deciding to say that all of her prior testimony was a lie. I wasn't able to cross-examine on that motivation whatsoever. I wasn't even allowed to cross-examine her at trial on those inconsistent statements. That's a trial right. She was unavailable, right? Right. So that's the way it goes with unavailable witnesses. I don't agree with that. The people are the ones who have the obligation to show that I had an adequate opportunity. My right is confrontation at trial. That's the presumption. I'm in the right position here. Confrontation is what I'm entitled to at trial. They're the ones who have to show why I had an adequate opportunity to cross-examine when I had no ability to cross-examine on the inconsistent statements. That's Supreme Court law. I had no ability to cross-examine on her motivations and the recantation. That's controlling legal standard. There's no doubt about any of that. Why isn't the state correct that Blackston isn't helpful to you, given that you got the recantation admitted into evidence at trial, which is exactly what the petitioner said he was entitled to but didn't get in Blackston? I only cited Blackston because of the controlling legal standards asserted. I did not cite her for the other proposition. Blackston was an unusual issue. The issue brought before the court was, the only issue brought before the court was, at trial, which is again a confrontation issue, if the prior testimony is coming in, and that was presumed in that case. That's not what we're arguing here. It was presumed in Blackston that it was okay for the prior testimony to come in because there was opportunities to cross-examine. Blackston and his lawyers decided to litigate only one issue. As a matter of Supreme Court precedent, can you- It was there, so I remember the case well. I ended up being appointed afterwards to handle the trial afterwards. Really? Yes, I ended up representing the Supreme Court. Did he get retried? He resolved it just before trial. Wow. But on that particular issue, the difference here is that issue was never raised about prior opportunity to cross-examine. He'd been cross-examined multiple times, and it wasn't raised as this issue. I'm arguing, and I don't think it's ambiguous in any way, and I'm going to keep repeating it, it really is a trial right. Did you do the cross at the preliminary exam? I did. Was there some incentive that you lacked during that preliminary exam or cross that you would have had a trial to impeach? Yes, one is that on her post-recantation, one incentive I would have had post-recantation is the risk she was running by telling that version that none of this happened, that she was running the risk now of going to prison for the rest of her life when prior to that she was operating under a plea agreement when she was going to go home. She was going to go home, so that's something I just simply could not explore. That makes the recantation more credible because it was a courageous thing? Yes, it's a courageous... Why couldn't you just argue that to the jury? Because they wouldn't let me bring in, Your Honor, even though they let the statement come in, they wouldn't let me bring in the fact that she'd withdrawn from her plea agreement. I couldn't even bring that in. You could have argued, though, that it was a courageous thing to the jury at least, not through a witness, but you yourself. I'm very careful, maybe it's not good practice, but I'm very careful in arguing facts to the jury that are not on the record in any way, and there wasn't. In fact, I was specifically told by the judge that I was not allowed to bring in any evidence that she had actually withdrawn from her plea agreement. Oh, but that's not evidence, that's an opinion that you would make as to her evidence. Ladies and gentlemen, this is a courageous thing that she did. She recanted. There's nothing wrong with that. I argue that she did recant. I couldn't argue about why she recanted. I couldn't argue about how she knew the details. I couldn't argue about how she knew the details that she testified to at the preliminary examination because I didn't have recantation. She provided details here, and if I had been able to cross-examine her, her letter says the police told her what to say. Well, that's really in a vacuum. That does not provide any sort of basis for me. You could have argued that she wouldn't have known the details had she not, in fact, been present. I could have argued that, but again, Your Honor, now you're asking me whether or not the confrontation clause is satisfied by the admission of a handwritten letter, and I'm saying that the Supreme Court precedent is when I don't have a prior opportunity to cross-examine. If it's not adequate, that evidence is not supposed to be admitted. It's not supposed to be admitted. The testimony... You'll have your opportunity for your... Thank you. Good morning, Your Honors. Chris Allen, Michigan Assistant Attorney General on behalf of the state. I guess I wanted to first emphasize the Blackson case that Your Honor was speaking about. As you know, you were on the case, dissented from it. On the short end of that case. Right. And I think there were some things in your dissent, and also in the majority opinion,  And I think that's what we're trying to do here. That case is, I think, controlling here. To the extent that on the second issue, whether defendants' confrontation clause rights were satisfied here. Under Blackson, it was held that there's a clearly established right to admit this type of post-testimony, but pre-trial recantation statement. As long as it's an intrinsic statement. And after the preliminary examination, which was fully crossed, there was really no issue there. And I don't think there's an issue here about the adequacy of the confrontation at the preliminary examination. But subsequent to that, she recants her testimony, just as the defendants in the Blackson case did. And in Blackson, those recantation statements were kept up. And this court held, as a matter of habeas law, as a matter of clearly established Supreme Court precedent, the defendants were entitled to have that recantation statement read to the jury. That's exactly what happened in this case. To require something more would effectively usurp Blackson and render it really meaningless. Because it was just a couple of years ago. There's been no development in Supreme Court precedent regarding the confrontation clause on this issue. Counsel's right to the confrontation clause guarantees a right of cross-examination. And I would categorize, and I sort of frame it in the brief, that Blackson, I think, is an exception to that general rule. Blackson allows for actually the introduction, or requires the introduction of evidence should it exist. Once it's memorialized, I think that's kind of a hinge point for Blackson. Once it's memorialized by the declarant, its confrontation clause status sort of changes from extrinsic evidence, which Nevada v. Jackson, the Supreme Court case, held was not required to be admitted by the confrontation clause. Once it's in this letter, this type of statement, it has to come in. And it did come in. So I guess I don't see what beyond, with Blackson being the controlling law, and Blackson sort of being, as far as I can tell, the cutting edge or the outer limit of the confrontation clause right in this area. To go beyond that would be quite a step into territory that is not clearly established by the United States Supreme Court, which is the appropriate yardstick in this habeas case. With regard to the sort of, the first issue, I guess, whether there's a clearly established precedent regarding the adequacy of cross-examination at a preliminary hearing. Another case from this court, Williams v. Ballman, which you cited extensively in the brief, I think takes care of that as well. There is no clearly established right. And the opportunity that counsel had in this case to cross-examine was no different than in any run-of-the-mill preliminary examination. It was represented by counsel. There was, you know, it was a judicial proceeding. It was under oath and there was a record of it. These are all sort of considerations that California v. Green talked about, but didn't make a requirement as far as the prelim. But even those were satisfied here. So as far as the preliminary examination, that met confrontation clause standards. The subsequent recantation was admitted, so that met confrontation clause standards. And that's really the ballgame. Unless there are any further questions, I'd be glad to rest on our briefing. Okay, thank you. Thank you. I keep feeling like the playing field is getting shifted underneath me here. It's not at issue here what type of right this is. It's a trial right. It's not at issue here that the fundamental principle is I had a right to cross-examine, bottom line, at trial in front of the jury. I didn't get that. Well, okay, that's true. But there are exceptions to that rule, a number of them. One of them is for a prior testimonial statement where somebody had an adequate opportunity to cross. And the question before us is whether no reasonable jurist could conclude that your prior opportunity was, in fact, adequate. And so, I mean, as you know, that's a tough standard on habeas. And so you have to demonstrate some palpable inadequacy in your prior cross. And that's a tough thing to do. And that's kind of your obligation as the petitioner. The burden has shifted at this point. They got a conviction. And now you have to show that no reasonable jurist could make this conclusion. They were, but you keep going back in standards. It's still, they're the proponent. And they've never established that anywhere, that this was an adequate opportunity. And how can I have an adequate opportunity to cross-examine when the story has completely changed, completely changed? I had no opportunity to cross-examine. Does it make a difference, you know, usually for cross-examination, you're trying to tear apart the credibility of the witness. That's what cross-examination, you go after their credibility and support. Here, your lack of cross-examination seems to be focused on bolstering the letter that was. That's part of it. It's bolstering her recantation. It's also, one of my themes in this case was attacking law enforcement. That they had essentially, in six-month time period, solved an entire cold case by getting one or two of these women to say what they wanted to hear. And then feeding them the information. Ms. Miller even testified the police took them to the house to show them where the murder occurred. So I needed to attack the law enforcement here. I absolutely needed to do that. I couldn't do that when I had an opportunity to cross Ms. McConnell because she hadn't recanted. I also... You didn't cross-examine the police regarding her recantation. I was only allowed to cross-examine them that the recantation had occurred. I was not allowed... It's a collateral matter for me to be cross-examining an officer about what... Well, but we're talking about some of the things that you claim you lost by not being able to cross-examine her at trial. I would not have been able to cross-examine a police officer on an issue of what they may or may not have told Ms. McConnell. If Ms. McConnell had testified, I could have cross-examined her on that. And then if she had said something, then I could have used that evidence against them to the police. But I didn't have that available to me. I had no opportunity to cross-examine any of them. I had no opportunity to ask her why she changed her story. I had no opportunity for her to explain where she got the information to testify at preliminary examination. No opportunity at all. I had no opportunity to even question about why she originally elected to plead guilty. She even told versions to the police where she implicated other defendants. In the police report, she had done that. I had no opportunity to ask her at trial, were any of those true? Were any of those statements true? Were there other suspects out there that the police did not investigate? It frustrates me that when you have a trial right for cross-examination, that's the presumption. I didn't get it here. And there hasn't been a demonstration by anybody at any court that the prior prelim was an adequate opportunity when the witness, it's under the facts of this case, in this case, radically changed her version of events. Completely recanted. We thank you both for your argument and we'll read through the case carefully.